| | |
|---|---|
| ALEXANDER BIRAGOV and RENTARACE INC., <br><br> Plaintiffs, <br><br> v. <br><br> DREAMDEALERS USA LLC and PHEENIX, INC., <br><br> Defendants. | Civil Action No. 21-cv-483 <br><br> STIUPLATED PROTECTIVE ORDER <br><br> ECF CASE |

IT IS HEREBY STIPULATED AND AGREED by and between the parties, Plaintiffs ALEXANDER BIRAGOV ("Biragov") and RENTARACE, INC. ("Rentarace") ("Plaintiffs"), and Defendant DREAMDEALERS USA, LLC ("Exotics") (collectively the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents in above-captioned action (the "Action") that may be subject to privileges under federal and state law, trade secret protections, confidentiality limitations under federal and state law, confidential research, development, or other proprietary or personal information that may be protected under federal and state law, and privacy rights, the Parties hereby agree and acknowledge that the information and documents sought in this Action should be afforded special protection from public disclosure and from use for any purpose other than for prosecuting and/or defending this Action may be warranted under Rule 26(c) of the Federal Rules of Civil Procedure. Accordingly, to protect against the improper use or disclosure of such information, the Parties hereby respectfully request that the Court enter this Protective Order.

1. **SCOPE OF PROTECTIVE ORDER**

This Protective Order will govern all Discovery Materials (as below defined in Section 2.5) produced or disclosed in this Action. The Producing Party (as below defined in Section 2.11)

1

including, but not limited to, their respective Counsel, retained experts, directors, officers, employees, or agents, will have the right to designate as confidential and subject to this Protective Order any Confidential Material (as below defined in Section 2.2).

The protections conferred by this Protective Order cover not only Protected Material (as below defined in Section 2.13), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protections it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

Any person receiving confidential material shall not disclose that material to any person, except a person authorized to receive the material pursuant to this order, and shall make such disclosure only in strict compliance with this order.

Any person or party providing its confidential material retains the right to disclose the material by waiving restrictions in this order for a particular purpose or use.

The use of any confidential material for the purpose of any hearing or trial which is open to the public is not addressed in this order, and will be the subject of future agreement or order as the need may arise.

**2. DEFINITIONS**

2.1. <u>Challenging Party</u> means a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. <u>"CONFIDENTIAL" Information or Items</u> means any files, records or documents which contain trade-secret and proprietary information, including internal policies, procedures and records; employment records (if any); Standard Operating Procedures ("SOP"); Discovery Material (regardless of how it is generated, stored, or maintained) including interrogatory responses; other discovery responses, deposition transcripts and exhibits or other written information produced in response to discovery requested in this Action, or tangible things that in good faith a Party or Non-Party reasonably believes to contain non-public, confidential, proprietary information, whether personal or business-related. CONFIDENTIAL Information may be contained in documents, testimony in depositions, exhibits, interrogatory answer, responses to requests for admission, briefs, or otherwise. Any materials which reproduce, paraphrase, summarize, or otherwise contain CONFIDENTIAL Information are also confidential in the same category as the original material.

2.3. <u>Counsel (without qualifier)</u> means attorneys of record for the Parties, which includes but is not limited to counsel that have made an appearance in this Action, retained local counsel, Outside Counsel of Record and in-house counsel (as well as the support staff of Outside Counsel of Record and in-house counsel).

2.4 <u>Designating Party</u> means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Discovery Material</u> means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, materials, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.6 <u>Expert</u> means a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a

Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items means Discovery Material (regardless of how it is generated, stored, or maintained) including interrogatory responses, other discovery responses, deposition transcripts and exhibits or other written information produced in response to discovery requested in this Action, or tangible things that in good faith a Party or Non-Party reasonably believes to contain trade secrets, know-how, research and development of products or formulations that have not been published, business plans or forecasts, commercially sensitive information, and such additional categories as may be reasonably agreed to by the Parties upon request of a Party, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 Non-Party means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9 Outside Counsel of Record means attorneys and their support staff, including outside investigators, all of whom are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10 Party means any party to this Action, including all of its officers, directors, partners, affiliates, subsidiaries, agents, instrumentalities, and employees.

2.11 Producing Party means a Party or Non-Party that produces Discovery Material in this Action.

2.12 Professional Vendors means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data or other things in any form or medium) and their employees and subcontractors.

2.13    Protected Material means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party means a Party that receives Discovery Material from a Producing Party.

**3.    DURATION**

Even after final disposition of the Action, the confidentiality obligations imposed by this Protective Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4.    DESIGNATING PROTECTED MATERIAL**

4.1    Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

4.2    Designation in conformity with this Protective Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party will affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. This marking shall apply to documents produced, exhibits, discovery requests and responses, motion papers, and all other documents that reproduce, paraphrase, summarize, or otherwise contain confidential material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party will either identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, information, or exhibits that are to be so designated and

specify the level of protection being asserted; or send written notice to the Receiving Party and the court reporter within 14 calendar days of service of the deposition or other transcript (or of notification by the court reporter that the transcript is available) designating those portions of the transcript to be so designated and the level of protection asserted. Deposition testimony will be treated as "CONFIDENTIAL" material during this 14-day period. Any deposition exhibit or testimony portion so designated shall not be filed with the court unless as expressly set forth below in section 10.1.

(c) Parties will give the other parties notice if they reasonably expect any portion of a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present for the portions of those proceedings that include Protected Material. A file of each original signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) will be maintained by counsel for the party obtaining it. The use of a document as an exhibit at a deposition will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." CONFIDENTIAL material may be used by a receiving party to examine a witness at a deposition only if the witness is an authorized person to receive such material. Any person who is otherwise present at the deposition shall be excused from that portion of the deposition that the attorney for a party or witness designates contains confidential material if that person is not an authorized person to whom such material may be disclosed.

(d) For information produced in some form other than documentary and for any other tangible items, the Producing Party will affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, will identify the protected portion(s) and specify the level of protection being asserted.

4.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Protective Order for such material, provided that the Designating Party promptly serves a written notice upon the Receiving Party upon learning of the inadvertent failure to designate or incorrect designation, along with a replacement copy of such Discovery Material marked with the appropriate designation. Upon receipt of such replacement copy, the Receiving Party will then take reasonable steps to destroy or return all unmarked or mismarked copies of such Discovery Material within 14 calendar days and certify in writing that it has done so.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    5.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, including, but not limited to, any pending Motion(s), a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any Party may move the Court for a modification of a designation or other relief from the terms of this Protective Order at any time. Until and unless the Court has provided a Designating Party's modification of a designation or other relief from the terms of this Protective Order, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

    The entry of this Protective Order will not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests. The entry of this Protective Order will not be construed as a basis for permitting the discovery of Discovery Material that would not otherwise be discoverable but for the existence of this Protective Order.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    6.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or a Non-Party only in connection with prosecuting, defending, or attempting to settle this Action. Except as provided by the express terms of this Protective Order or where a Court orders otherwise, a Receiving Party may not use Protected Material that is disclosed or produced by another Party or a Non-Party in any other action or for any other purpose. Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 11 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, including any personnel assisting counsel, provided that such counsel and personnel are working on this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) any Party's Outside Counsel of Record, including any personnel assisting counsel, provided that such counsel and personnel are working on this Action;

(d) Independent persons retained by a party or its attorneys of record in this action to assist in the preparation of this action for trial (such as independent technical experts, economists, accountants, other attorneys, and other consultants, and the necessarily involved employees of such persons), provided such person executes the agreement referenced in paragraph 9 of this stipulation and order;

(e) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the Court and its personnel, as well as any mediator or arbitrator that the Parties have agreed in writing to use or have been ordered to use in connection with this Action;

(g) court reporters and their staff;

(h) Professional Vendors and professional jury or trial consultants, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) during their depositions, any witnesses or potential witnesses who are not employed by or affiliated with the parties. However, after any such depositions, the deponents will not be given and will not retain any copies, in any form, electronic, paper, or otherwise, of any information or item designated "CONFIDENTIAL." Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Protective Order;

(j) during their depositions, the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or an individual who has been designated to testify about the document or information (including as a 30(b)(6) representative);

(k) personnel of or counsel to any insurance company insuring a Party to this Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(l) any person that the Designating Party agrees to in writing that has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

6.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, including any personnel assisting counsel, provided that such counsel and personnel are working on this Action;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel, as well as any mediator or arbitrator that the Parties have agreed in writing to use or have been ordered to use in connection with this Action, ~~with the preference of providing select portions of the CONFIDENTIAL materials for an *in camera* inspection~~;
Any party seeking to file any document under seal or with redactions shall follow 4.A-B of the Court's Individual Rules and Practices in Civil Cases.

(d) court reporters and their staff;

(e) Professional Vendors and professional jury or trial consultants, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or an individual who has been designated to testify about the document or information (including as a 30(b)(6) representative); and

(g) during their depositions, any witnesses or potential witnesses who are not employed by or affiliated with the parties. However, after any such depositions the deponents will not be given and will not retain any copies, in any form, electronic, paper, or otherwise, of any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Protective Order.

**7. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

7.1 <u>Non-Party Information</u>. The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately use its best efforts to retrieve all unauthorized copies of the Protected Material and to bind the person to whom the material was improperly disclosed to the terms of this Protective Order. In such event, the Receiving Party will also (a) promptly inform

such person of all the provisions of the Protective Order; (b) identify such person immediately to the Designating Party; and (c) provide such person a copy of this Protective Order. Upon receipt of a copy of this Protective Order, any such person will be subject to its provisions.

The foregoing will not relieve a Party of liability, if any, for disclosing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in violation of this Protective Order.

**9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

No provision of this Protective Order will be deemed to create a waiver on the part of any Party or Non-Party as to inadvertently produced Discovery Material that is protected from discovery on the basis of privilege, the work-product doctrine, or any other applicable privilege, and the inadvertent production of such documents does not waive any privilege or immunity, so long as, as soon as reasonably possible after learning of the inadvertent disclosure, the Designating Party serves a request identifying the Discovery Material and privilege involved, and requesting the return of all copies of the inadvertently produced Discovery Material. Upon receipt of such notice, the Receiving Party will immediately return all copies of the inadvertently produced Discovery Material identified within 2 business days. The Receiving Party will also destroy all notes, memoranda, or other documents that summarize, discuss, or quote the inadvertently disclosed Discovery Material, and certify in writing that it has done so. Further, no provision of this Protective Order will be deemed to create a waiver of any legal right or privilege applicable to any request of, or discovery procedure available to, the parties to this Action.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Protective Order submitted to the Court.

**10. MISCELLANEOUS** <span style="color:red">Any party seeking to file any document under seal or with redactions shall follow 4.A-B of the Court's Individual Rules and Practices in Civil Cases.</span>

10.1 <u>Filing Protected Material</u>. ~~No materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," nor any pleading, memorandum of law, motion, letter, or other document disclosing such materials, will be filed with the Court except as provided in this Protective Order. Discovery Materials that consist of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be filed through the Electronic Case Filing system ("ECF") with access restricted, as appropriate, to either case participants only or to only the Court and the filing Party, as set forth in the ECF User's Guide for the United States District Court for the Southern District of New York. When a Party files a document under seal or with restricted access, that Party must publicly file the document on ECF within three (3) days with redactions to omit any confidential information.~~

The parties must use best efforts to minimize the number and extent of documents filed under seal. Prior to seeking leave to file a document containing confidential material under seal, a party must determine whether the material that gives rise to a confidential designation is relevant and necessary to the filing and whether redaction of the confidential material may eliminate the need for sealing the document.

A party submitting a document under seal or filing a document with redacted information must provide the District Judge to be handling the application or motion at issue with a complete and un-redacted copy of the submission that is marked to indicate that the document is filed under seal, if applicable, and what portions of the submission are confidential. The first page of the document must clearly indicate that the document or its portions are filed under seal or with redactions and the assigned ECF document number.

10.2. <u>Motions for Summary Judgment</u>. Any papers, exhibits, or other Discovery Material – including any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" – submitted in support of or opposition to a Party's motion for summary judgment may be provided to Outside Counsel of Record for every

Party. Any further disclosure of such papers, exhibits, and Discovery Materials may only be made by Outside Counsel of Record pursuant to the terms of this Protective Order.

10.3 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

10.4 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

10.5 <u>Enforcement of this Protective Order</u>. In the event anyone will violate or threaten to violate the terms of this Protective Order, the Designating Party may immediately apply to obtain injunctive relief against any such person. This will not be construed as limiting the Designating Party's right to seek other remedies, including damages, if any, in the event of a violation. This Court will retain jurisdiction over the Parties and the subject matter of this Protective Order for the purpose of enforcing its terms.

10.6 <u>Modification or Termination</u>. This Stipulated Protective Order may be modified or terminated, as between the parties hereto, by written agreement of the parties. This order may also be modified or terminated pursuant to further order of this Court.

10.7 <u>No Admission</u>. The designation of any materials by the Designating Party as CONFIDENTIAL is intended solely to facilitate the preparation and trial of this action. Such designation is not an admission by any party that the designated disclosure constitutes or contains any CONFIDENTIAL materials. Disclosure of CONFIDENTIAL materials is not a waiver of any right of the Producing Party to object to admissibility.

10.8 <u>Waiver of Confidential Designation</u>. This Stipulated Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulated Protective Order to any CONFIDENTIAL materials designated by that Party. If the producing party

uses CONFIDENTIAL materials in a non-Confidential manner, then the producing party shall advise that the designation no longer applies.

      10.9    <u>Intent to be Bound</u>. It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

**11.    FINAL DISPOSITION**

Within 45 days after the final disposition, as defined in Section 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 45-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3. The provisions of this or any other order entered in this action restricting the disclosure or use of confidential material shall continue to be binding at the conclusion of this action.

**12.    VIOLATIONS AND MODIFICATIONS OF THIS PROTECTIVE ORDER**

If a Party has cause to believe that a violation of this Protective Order has occurred or is about to occur, that Party may petition this Court for appropriate relief. To the extent that any Party feels the protections of this Protective Order are not adequate for particular Discovery Material, that Party may petition the Court for an appropriate amendment to this Protective Order.

Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

**IT IS SO STIPULATED.**

**BUZKO KRASNOV**       **THE AMIN LAW GROUP, LTD.**

By: _____/s/_____
Evgeny Krasnov
Anastasia Belyaeva

*Attorneys for Plaintiffs*

By: _____/s/_____
Ismail Amin, Esq. (Pro Hac Vice)
John Muldoon, Esq.
*Attorneys for Defendant Dreamdealers USA, LLC*

The Court finds good cause for a discovery protective order under Rule 26(c) of the Federal Rules of Civil Procedure, provided, however, that nothing in this Protective Order will be construed to authorize automatic filing any document under seal.

**IT IS SO ORDERED**.

DATE May 26, 2021

_____/s/_____
John P. Cronan
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York on _____ [date] in the case of *Biragov, et al. v. Dreamdealers USA LLC, et al.*, 21 Civ. 483 (JPC) (S.D.N.Y). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name], _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date _____

[City and State where sworn and signed]

Printed name:_____
        [printed name]

Signature :_____
        [signature]