```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                      :
ALEXANDER BIRAGOV and RENTARACE INC.,                 :
                                                      :
                        Plaintiffs,                   :
                                                      :            21-CV-483 (JPC)
            -v-                                       :
                                                      :                ORDER
PHEENIX INC.,                                         :
                                                      :
                        Defendant.                    :
                                                      :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On November 15, 2021, the Court ordered Plaintiffs to show good cause why they have not complied with Federal Rule of Civil Procedure 4(m). *See* Dkt. 39. Plaintiffs' response on November 22, 2021, did not show that Plaintiff complied with Rule 4(m) or explain its reason for failing to do so. *See* Dkt. 41. Plaintiff contends that it complied with Rule 4(m)—through New York C.P.L.R. § 312-a—because on "April 22, 2021, Plaintiffs' counsel served a copy of the Summons, Complaint, two copies of the Statement of Service, and the Acknowledgment . . . by first-class mail." *Id.* at 2. But "for service to be complete [under section 312-a], the defendant must return a signed acknowledgment of receipt to the plaintiff." *Murray v. Thomason*, No. 17 Civ. 7004 (VB), 2018 WL 5113955, at *5 (S.D.N.Y. Oct. 19, 2018); *see also* N.Y. C.P.L.R. § 312-a(b) ("The signed acknowledgement of receipt shall constitute proof of service."). Plaintiffs have not shown that Pheenix ever returned a signed acknowledgement of receipt as outlined in section 312-a(b). *See* Dkt. 36 (not mentioning whether Pheenix returned a signed acknowledgment of receipt).

Plaintiffs have also withdrawn their remaining federal law claims against Pheenix. *See* Dkt. 41 at 2 n.3. The only remaining claim against Pheenix is a state law breach of contract claim. *See id.* at 4.

By November 30, 2021, Plaintiffs shall file a letter explaining (1) whether the Court has diversity jurisdiction over the remaining claim against Pheenix, including whether the amount-in-controversy threshold is met, and (2) why the Court should exercise supplemental jurisdiction given that there are no remaining federal law claims, *see Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 130 (2d Cir. 2003), *as amended* (Apr. 16, 2003).  Plaintiffs shall also show good cause why they have not complied with Rule 4(m).  *See* Fed. R. Civ. Proc. 4(m) (district court may dismiss for failing to serve absent a showing of good cause for the failure to serve).  If Plaintiffs do not give good cause for their failure to serve and explain how this Court has jurisdiction over the case, the Court may dismiss the case for failing to comply with the Court's order without further notice.

SO ORDERED.

Dated: November 23, 2021
New York, New York

JOHN P. CRONAN
United States District Judge